## John Doak, Appellant, v. Clyde Rhoads, Appellee.

### . (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913.

### Statement of the Case.

Proceeding by distress warrant begun by John Doak against Clyde Rhoads to collect three hundred dollars claimed to be due for rent of a farm. Plaintiff claimed that defendant did not pay the rent for certain pasture land, that he owed for some hay, and claims that he sustained damages for failure of defendant to repair fences, and also damages for failure of defendant to plant eighteen acres to corn. From a judgment in favor of plaintiff for five dollars, defendant appeals.

W. H. CLINTON and DYAS & DYAS, for appellant.

JAMES K. LAUHER and STEWART W. KINCAID, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 361*—*claims upon which distress warrant must be predicated.* A landlord has no right to issue a distress warrant unless predicated upon a claim for rent; he cannot recover for any other matter under such warrant.

2. APPEAL AND ERROR, § 1236*—*inconsistent positions.* Appellant cannot insist upon a theory inconsistent with that taken by him in the trial court.

3. APPEAL AND ERROR, § 1088*—*when error assigned for admission or rejection of evidence not presented for review.* Where the appellant points out no error in his statement, brief or argument on

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the admission or rejection of evidence, and no exceptions were taken to the instructions given by the court, no question of law is presented for review, and error assigned on the admission or rejection of evidence cannot be considered.

4. APPEAL AND ERROR, § 1410*—*when verdict will not be disturbed.* A verdict will not be disturbed as against the weight of the evidence where it is based on conflicting evidence and there is no manifest preponderance of the evidence either way.

